UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROOSEVELT WILLIAMS,

        Plaintiff,

                              CASE NO. 08-CV-12024
v.                            HONORABLE JOHN CORBETT O'MEARA

J. PRATER, et al.,

        Defendants.
                                /

## ORDER OF PARTIAL SUMMARY DISMISSAL AND
## DIRECTING PLAINTIFF TO PROVIDE ADDITIONAL SERVICE COPIES

State prisoner Roosevelt Williams ("Plaintiff") has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 alleging that prison officials have violated his constitutional rights. He has been granted leave to proceed without prepayment of the filing fee. *See* 28 U.S.C. § 1915(a). Plaintiff is currently confined at the G. Robert Cotton Correctional Facility in Jackson, Michigan and that events giving rise to this action arose at that facility. The defendants identified in his original complaint[1] are Corrections Officers J. Prater, Captain Mohan, K. Stevenson, D. Barlow, and Bozung, as well as Grievance Coordinator L. McMillan. Plaintiff alleges that defendant Prater unlawfully placed him in segregation which prevented him from attending religious services, that defendant Mohan conducted an unlawful strip search, that defendants Stevenson and Bozung prohibited him from attending religious services, that

---

[1]Plaintiff has filed motion(s) to amend his complaint to add additional defendants. Such matters will be addressed in a separate opinion.

1

defendant Barlow refused to release and then destroyed his religious property, and that defendant McMillan failed to properly respond to his grievances about such matters. Plaintiff seeks declaratory relief, injunctive relief, monetary damages, and other appropriate relief.

## II. Discussion

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997(e)(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996). A *pro se* civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Despite the liberal pleading standard accorded *pro se* plaintiffs, the Court finds that Plaintiff's claims against defendant McMillan are subject to dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

2

Plaintiff's claims against defendant McMillan must be dismissed because Plaintiff has failed to alleged facts demonstrating defendant McMillan's involvement in the events giving rise to the complaint. It is well-established that a civil rights plaintiff must allege the personal involvement of a defendant to state a claim under 42 U.S.C. § 1983. *See, e.g., Monell v. Department of Social Svs.*, 436 U.S. 658, 691-92 (1978) (Section 1983 liability cannot be based upon a theory of *respondeat superior*); *Taylor v. Michigan Dep't. of Corrections*, 69 F.3d 716, 727-28 (6th Cir. 1995) (plaintiff must allege facts showing that defendant participated, condoned, encouraged, or knowingly acquiesced in alleged misconduct to establish liability). Plaintiff has not done so with respect to defendant McMillan. He has failed to allege facts indicating that defendant McMillan had any personal or direct involvement in the conduct involving his placement in segregation, the denial of religious services, or the confiscation and destruction of his religious property. The fact that defendant McMillan may have had supervisory authority over the other defendants or may have denied his grievances is insufficient to state a claim for relief under § 1983. Plaintiff's claims against defendant McMillan must therefore be dismissed.

Having reviewed the complaint and given the liberal pleading standard for *pro se* actions, the Court finds that Plaintiff's claims against the remaining defendants, as identified in the original complaint, are not subject to dismissal at this time.

### III. Conclusion

For the reasons stated, the Court concludes that Plaintiff has failed to state a claim upon which relief may be granted against defendant McMillan. Accordingly, **IT IS ORDERED** that Plaintiff's claims against defendant McMillan are **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

The Court further concludes that Plaintiff's claims against the remaining defendants named in the original complaint are not subject to summary dismissal. Plaintiff, however, has not submitted sufficient copies for service upon those defendants. Accordingly, **IT IS ORDERED** that Plaintiff submit **FIVE** additional copies of the complaint to the Court within **30 DAYS** of the filing date of this order so that service may be effectuated. The Court shall provide Plaintiff with one copy of the complaint to assist in this endeavor. This copy should be returned to the Court with the additional five copies. Failure to comply with this order may result in dismissal of this action.

**SO ORDERED.**

s/John Corbett O'Meara
United States District Judge

Date: July 17, 2008

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, July 17, 2008, by electronic and/or ordinary mail.

s/William Barkholz
Case Manager