UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROOSEVELT WILLIAMS,

        Plaintiff,                              CIVIL ACTION NO. 08-12024

      v.                                         DISTRICT JUDGE JOHN CORBETT O'MEARA

J. PRATER, MOHAN, L. MCMILLAN,[1]       MAGISTRATE JUDGE VIRGINIA M. MORGAN
K. STEVENSON, D. BARLOW, and
BOZUNG,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

**I. Introduction**

      This is a *pro se* 42 U.S.C § 1983 action in which the plaintiff, an inmate in the custody of the Michigan Department of Corrections (MDOC), alleges that the defendants deprived plaintiff of his rights under the United States Constitution by unlawfully placing plaintiff in a segregation cell for twelve days, denying plaintiff the ability to attend religious services, refusing to release plaintiff's religious property and destroying plaintiff's religious property. The matter comes before the Court on Defendants Mohan, Stevenson, Barlow and Bozung's Motion for Summary Judgment (D/E #32). For the reasons discussed below, this Court recommends that defendants'

---

[1]On July 17, 2008, the Honorable John Corbett O'Meara entered an order dismissing defendant McMillan from the lawsuit on the basis that the complaint failed to state a claim against him (D/E #11).

-1-

motion be **GRANTED**, that summary judgment be granted in the remaining defendants' favor, and that this case be closed because of plaintiff's failure to properly exhaust his administrative remedies prior to filing this suit.[2]

## II. Background

### A. Complaint

Plaintiff is currently confined at the Gus Harrison Correctional Facility (ARF) in Adrian, Michigan, but he was confined at the G. Robert Cotton Correctional Facility (JCF) in Jackson, Michigan, at all times relevant to this action. On May 8, 2008, plaintiff filed the complaint in this matter (D/E #1). In that complaint, plaintiff generally alleges that defendants unlawfully placed him in a segregation cell for twelve days and denied him the opportunity of attending religious services. Plaintiff also alleges that defendants refused to release plaintiff's religious property to him and that, subsequently, defendants destroyed that religious property for a frivolous reason. Specifically, plaintiff alleges that defendant Prater unlawfully placed him in segregation which prevented him from attending religious services, defendant Mohan conducted an unlawful strip search, defendants Stevenson and Bozung prohibited him from attending religious services, defendant Barlow refused to release and then destroyed his religious property, and defendant McMillan failed to properly respond to his grievances about such matters.

---

[2]Defendant Prater has not been served in this matter and did not join in the motion for summary judgment. On September 28, 2008, this Court ordered that the MDOC provide, under seal, Prater's last know address (D/E #28). The MDOC provided that address and this Court issued an order directing service (D/E #31). However, no service was ever effectuated and the Marshal's Service indicates that it never received the appropriate documents. Nevertheless, plaintiff clearly failed to exhaust his administrative remedies as to all of the defendants and, therefore, Prater would be entitled to summary judgment as well if he was ever served.

Defendants were being sued in their individual and official capacities.  Plaintiff sought declaratory relief, injunctive relief, monetary damages, and other appropriate relief.

Following the filing of his complaint, plaintiff filed a Motion to Amend/Correct Complaint (D/E #4), a Supplement to Motion to Amend/Correct Complaint (D/E #6), an Addendum to his Supplemental (D/E #8), an Addendum to his Motion to Amend (D/E #12), a Supplemental Addendum (D/E #13), a second Supplemental Addendum (D/E #17), a third Supplemental Addendum (D/E #18), and a fourth Supplemental Addendum (D/E #19).

On September 4, 2008, this Court entered an Order granting Plaintiff's Motion to Amend his Complaint after finding that plaintiff had a right to amend his complaint once, as a matter of course, under Fed. R. Civ. P. 15(a)(1)(A) because plaintiff had not yet been served with a responsive pleading (D/E #26).  However, this Court also stated that "plaintiff may not simply file addendums and expect the defendants or the Court to construe his multiple filings as a single complaint" and plaintiff was ordered to both "file his amended complaint in its complete form by September 24, 2008" and "serve a copy of the amended complaint and all future documents on defendants or on defense counsel if legal counsel represents the defendants."

On September 15, 2008, plaintiff filed a Supplemental Motion to Amend (D/E #30).  In an order accompanying this Report and Recommendation, this Court denied plaintiff's supplemental motion to amend on the basis that it is futile.

### B. Motion Before the Court

On October 10, 2008, defendants filed the motion for summary judgment pending before the Court (D/E #32). In that motion, defendants argue that they are entitled to summary judgment because plaintiff failed to properly exhaust his administrative remedies prior to filing suit against them.

On October 20, 2008, plaintiff filed a response to defendants' motion for summary judgment (D/E #33). In that response, plaintiff argues that he gave notice to the prison administration of his complaints prior to filing suit and that he did not pursue grievances through Step III of the MDOC grievance process because the grievance coordinator failed to process his grievances or because it would have been futile.

On October 21, 2008, defendants filed a reply to plaintiff's response (D/E #33). In that reply, defendants argue that plaintiff's assertions regarding the futility of using the grievance process do not relieve him of his duty to properly exhaust his administrative remedies and that the evidence supplied by plaintiff fails to demonstrate that he fulfilled that duty.

On November 3, 2008, plaintiff filed a sur-reply to defendants' reply (D/E #35). In that sur-reply, plaintiff reiterated his previous arguments regarding actual notice and futility. Plaintiff also provided several more documents that he claims demonstrate that he provided notice to defendants.

## III. Standard of Review

Defendants move for summary judgment pursuant to Fed. R. Civ. P. 56(b). Fed. R. Civ. p. 56(b) provides that "[a] party against whom a claim, counterclaim, or cross-claim is asserted

or a declaratory judgment is sought may, at any time, move without or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof." Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

In deciding a motion for summary judgment, the court must view the evidence and draw all reasonable inferences in favor of the non-movant. See Matsushita Electric Industrial Co., Ltd. et al. v. Zenith Radio Corp., et. al., 475 U.S. 547, 587, 106 S.Ct. 1348, 1356 (1986); see also B.F. Goodrich Co. v. U.S. Filter Corp., 245 F.3d 587, 591-92 (6th Cir. 2001). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. Once the moving party has carried his burden, the party opposing the motion "must come forward with specific facts showing that there is a genuine issue for trial." Matsushita, 475 U.S. at 587, 106 S.Ct. 1348. The opposing party cannot merely rest upon the allegations contained in his pleadings. Rather, he must submit evidence demonstrating that material issues of fact exist. Banks v. Wolfe County Bd. of Educ., 330 F.3d 888, 892 (6th Cir. 2003); Fed. R. Civ. P. 56(e). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587, 106 S.Ct. 1348 (quoting First National Bank of Arizona v. Cities Service Co., 391 U.S. 253, 289, 88 S.Ct. 1575, 1592 (1968)).

**IV. Discussion**

Pursuant to the Prison Litigation Reform Act of 1995 (PLRA), 110 Stat. 1321-71, as amended 42 U.S.C. §§ 1997e *et seq.*, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Accordingly, exhaustion of available administrative remedies is mandatory in order for prisoners to bring a claim in federal court. Jones v. Bock, __ U.S. __, __, 127 S.Ct. 910, 914, 166 L.Ed.2d 798 (2007); Woodford v. Ngo, __ U.S. __, __, 126 S.Ct. 2378, 2383, 165 L.Ed.2d 368 (2006). Not only must the prisoner exhaust all available remedies but such exhaustion must be proper, including "compliance with an agency's deadlines and other critical procedural rules." Woodford, 126 S.Ct. at 2386 (holding that an inmate's exhaustion must be in compliance with applicable grievance procedures, specifically deadlines, because "no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings"). However, § 1997e does not impose a jurisdictional bar to federal jurisdiction, Curry v. Scott, 249 F.3d 493, 501-503 (6th Cir. 2001), and while the preferred practice is for inmates to complete the grievance process prior to the filing of an action, "because the exhaustion requirement is not jurisdictional, district courts have some discretion in determining compliance with the statute." Wyatt v. Leonard, 193 F.3d 876, 879 (6th Cir. 1999).

In this case, the alleged incidents occurred in February, March, and April of 2008, and the administrative procedure applicable to the plaintiff's claims is set forth in MDOC Policy Directive 03.02.130, Prisoner/Parolee Grievances, effective date March 5, 2007. (MDOC Policy

Directive 03.02.130, attached as Exhibit A to Defendants' Motion for Summary Judgment). Pursuant to that policy directive, there is a three-step grievance process through which an inmate may submit grievances regarding alleged violations of policy or procedure or unsatisfactory conditions of confinement that directly affect him. (MDOC Policy Directive 03.02.130, attached as Exhibit A to Defendants' Motion for Summary Judgment)  Inmate grievance filings that have reached the third and final step of the grievance process are encoded and recorded into a Grievance Tracking database. (Affidavit of James Armstrong, attached as Exhibit B to Defendants' Motion for Summary Judgment)

    As part of their motion for summary judgment, defendants attached a copy of the Grievance Tracking database applicable to the plaintiff. (Grievance Inquiry, attached as Exhibit C to Defendants' Motion for Summary Judgment)  That exhibit demonstrates that plaintiff did not file any grievances related to any incidents or occurrences at JCF through Step III. (Grievance Inquiry, attached as Exhibit C to Defendants' Motion for Summary Judgment)  In his response and sur-reply, plaintiff submits Step I grievances and Step II appeals he filed while at JCF, along with memorandums and letters regarding problems in the prison administration was having in timely responding to grievances.  However, none of that evidence demonstrates that plaintiff ever pursued a grievance regarding the allegations of his complaint through Step III of the grievance process.

    Plaintiff does argue that he would have completed the grievance process had his grievances been responded to in a timely manner, but his argument is without merit.  MDOC Policy Directive 03.02.130 provides that, when a grievance is not responded to in the time set by

the policy directive, an inmate may appeal to the next level of the grievance process ten days after the deadline expired. (MDOC Policy Directive 03.02.130, ¶ T, attached as Exhibit A to Defendants' Motion for Summary Judgment) Therefore, even if plaintiff's Step I or Step II grievances had not been responded to in a timely manner, he still could have appealed his grievance through Step III. Moreover, as noted by the Sixth Circuit a prisoner who files a grievance but gets no response, is nonetheless required to continue to the next level in the administrative remedy process, to the point of total exhaustion of the process, before he may proceed to court with a lawsuit. Cox v. Mayer, 332 F.3d 422, 425, n. 2 (6th Cir. 2003). Plaintiff failed to do so in this case and any failure on the part of the MDOC to timely respond to plaintiff's Step I or Step II grievances does not excuse plaintiff's failure to properly exhaust his administrative remedies.

Plaintiff also argues that pursuing a grievance would have been futile in his case because at least one of his issues was non-grievable under MDOC policies. However, such a result is clearly contrary to the holding in Booth v. Churner, 532 U.S. 731 (2001). Booth was a prisoner in a Pennsylvania state prison who brought an administrative grievance seeking monetary damages, a form of relief not provided for in the Pennsylvania's administrative grievance procedure. His requested relief was initially denied, and he failed to seek administrative review of the unfavorable administrative decision. He next brought a § 1983 action against prison guards alleging use of excessive force, assaulting him, and denying him medical attention. Booth, 532 U.S. at 731. The District Court dismissed his complaint without prejudice for failure to procedurally exhaust his administrative remedies and the Third Circuit affirmed. Booth, 532

U.S. at 731. Booth argued that he was excused from exhaustion as the Pennsylvania grievance system failed to provide a remedy as contemplated in the PRLA as a monetary award, the relief he sought, was not an available remedy. Booth, 532 U.S. at 737-738. Reasoning that Congress meant to require procedural exhaustion regardless of the fit between a prisoner's prayer for relief and the administrative remedies possible, the Supreme Court affirmed the Third Circuit Court of Appeals, holding that "an inmate must exhaust irrespective of the forms of relief sought and offered through administrative avenues." Booth, 532 U.S. at 741. The Supreme Court also noted that "we will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise." Booth, 532 U.S. at 741 n. 6.

As discussed above, plaintiff must have properly exhaust his administrative remedies prior to filing this lawsuit. Woodford, 126 S.Ct. at 2386. By failing to appeal any grievance regarding the allegations of his complaint through Step III, plaintiff has failed to properly exhaust his administrative remedies and defendants are entitled to summary judgment.

## V. Conclusion

For the reasons discussed above, the court recommends that defendants' motion be **GRANTED**, that summary judgment be granted in the remaining defendants' favor, and that this case be closed because of plaintiff's failure to properly exhaust his administrative remedies prior to filing this suit.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific

objections constitutes a waiver of any further right of appeal. Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

s/Virginia M. Morgan
Virginia M. Morgan
United States Magistrate Judge

Dated: January 28, 2009

**PROOF OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and plaintiff via the Court's ECF System and/or U. S. Mail on January 28, 2009.

s/Jane Johnson
Case Manager to
Magistrate Judge Virginia M. Morgan